

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | |
|---|---|
| JAMISON RICHARDS,<br>    Plaintiff,<br>vs.<br><br>KILOLO KIJAKAZI, *Acting Commissioner of*<br>*Social Security*,<br>    Defendant. | §<br>§<br>§  CIVIL ACTION NO. 1:23-55-MGL<br>§<br>§<br>§<br>§ |

**ORDER ADOPTING THE REPORT AND RECOMMENDATION
AND AFFIRMING DEFENDANT'S FINAL DECISION DENYING BENEFITS**

This is a Social Security appeal in which Plaintiff Jamison Richards (Richards) seeks judicial review of the final decision of Kilolo Kijakazi (Kijakazi), Acting Commissioner of Social Security (Kijakazi), denying his claims for disability insurance benefits (DIB) and supplemental security income (SSI). The matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge suggesting Kijakazi's final decision be affirmed.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on July 17, 2023, Richards filed his objections on July 31, 2023, and Kijakazi filed her reply on August 11, 2023. The Court has carefully reviewed Richards's objections, but holds them to be without merit. It will therefore enter judgment accordingly.

On January 30, 2020, Richards filed his applications for DIB and SSI. He alleged his disability began on May 9, 2018.

His applications were denied initially and upon reconsideration. On November 10, 2021, Richards had a hearing before the Administrative Law Judge (ALJ). The ALJ issued an unfavorable decision on March 28, 2022, finding Richards was unable to show he was disabled within the meaning of the Act.

The Appeals Council subsequently denied Richards's request for review, making the ALJ's decision the final decision of Kijakazi for purposes of judicial review. Thereafter, Richards brought this action seeking judicial review of Kijakazi's decision in a complaint filed on January 6, 2023.

The Agency has established a five-step sequential evaluation process for determining if a person is disabled. 20 C.F.R. §§ 404.1520(a), 416.920(a). The five steps are: (1) whether the claimant is currently engaging in substantial gainful activity; (2) whether the claimant has a medically determinable severe impairment(s); (3) whether such impairment(s) meets or equals an impairment set forth in the Listings; (4) whether the impairment(s) prevents the claimant from returning to her/his past relevant work; and, if so, (5) whether the claimant is able to perform other work as it exists in the national economy. 20 C.F.R. §§ 404.1520(a)(4)(I)-(v), 416.920(a)(4)(I)-(v).

Under 28 U.S.C. § 636(b)(1), a district court is required to conduct a de novo review of those portions of the Magistrate Judge's Report to which a specific objection has been made. The Court need not conduct a de novo review, however, "when a party makes general and conclusory objections that do not direct the court to a specific error in the [Magistrate Judge's] proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

It is the claimant's duty both to produce evidence and prove she is disabled under the Act. *Pass v. Chater*, 65 F.3d 1200, 1203 (4th Cir. 1995). Nevertheless, the ALJ is to develop the record and when he"fails in his duty to fully inquire into the issues necessary for adequate development of the record, and such failure is prejudicial to the claimant, the case should be remanded." *Marsh v. Harris*, 632 F.2d 296, 300 (4th Cir. 1980).

It is also the task of the ALJ, not this Court, to make findings of fact and resolve conflicts in the evidence. *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). "It is not within the province of this [C]ourt to determine the weight of the evidence; nor is it [the Court's] function to substitute [its] judgment for that of [the defendant] if [the] decision is supported by substantial evidence." *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966).

In other words, the Court "must sustain the ALJ's decision, even if [it] disagree[s] with it, provided the determination is supported by substantial evidence." *Smith v. Chater*, 99 F.3d 635, 638 (4th Cir. 1996). Under the substantial evidence standard, the Court must view the entire record as a whole. *Steurer v. Bowen*, 815 F.2d , 1249, 1250 (8th Cir. 1987).

Although ALJs must sufficiently explain the reasons for their rulings to allow this Court to provide meaningful review, *Radford v. Colvin*, 734 F.3d 288, 296 (4th Cir. 2013), "the ALJ is not required to address every piece of evidence[;] [instead,] he must . . . build an accurate and logical bridge from the evidence to his conclusion." *Clifford v. Apfel*, 227 F.3d 863, 872 (7th Cir. 2000) (citations omitted). The Court's "general practice, which [it] see[s] no reason to depart from here, is to take a lower tribunal at its word when it declares that it has considered a matter." *Hackett v. Barnhart*, 395 F.3d 1168, 1173 (10th Cir.2005).

"[T]he substantial evidence standard presupposes a zone of choice within which the decisionmakers can go either way, without interference by the courts. An administrative decision is not subject to reversal merely because substantial evidence would have supported an opposite decision." *Clarke v. Bowen*, 843 F.2d 271, 272-73 (8th Cir. 1988) (citations omitted) (internal quotation marks omitted) (alteration omitted). Put differently, if the ALJ's "dispositive factual findings are supported by substantial evidence, they must be affirmed, even in cases where contrary findings of an ALJ might also be so supported." *Kellough v. Heckler*, 785 F.2d 1147, 1149 (4th Cir. 1986).

With this law as a framework, the Court will consider Richards's objections to the Magistrate Judge's Report, which primarily relate to the ALJ's evaluation of the opinion evidence of Robert Allman, M.D., (Dr. Allman).

Here is a summary of Allman's opinion:

> On July 21, 2020, Dr. Allman provided a medical opinion statement. He stated he had treated [Richards] since February 12, 2018, and was very familiar with his condition. He noted [Richards] had ongoing neurological deficits to his right lower extremity and back, generalized neuropathy, probable CTS, probable cubital tunnel disease, right foot drop, right hand weakness, numbness, and tingling, and cervical degenerative disease resulting in diffuse neural foraminal stenosis of the cervical spine at multiple levels. He identified signs and symptoms that included intermittent foot drop, intermittent neurological defects, numbness, tingling, muscle wasting, weakness, and spells of blurred vision. He stated [Richards's] symptoms suggested a diagnosis of multiple sclerosis, but that he could not definitively diagnose the condition because it was difficult to diagnose in its early stages. He further noted [Richards] had sleep apnea and had struggled to effectively use a continuous positive airway pressure . . . machine. He indicated [Richards's] impairments were confirmed by CT scan of his cervical spine, cervical myelogram, MRI of the cervical spine, myelogram of the lumbar spine, and NCS of the upper and lower extremities. He further represented he had observed [Richards's] consistent physical

>> signs and symptoms during office visits. He opined that [Richards] would not be able to sit, stand, or remain still for an extended period of time and would need to rest for more than one hour during an eight-hour period. He stated [Richards's] pain made it nearly impossible for him to focus, concentrate, and remain on task and his psychological impairments made it difficult for him to reliably concentrate. He indicated [Richards's] problems made it difficult for him to sustain attention and concentration to task. He explained that [Richards's] medical records included occasional normal findings that were the result of computer-generated records that did not accurately reflect his condition, usually by doctors who were not treating him for the condition addressed.

Report at 33-34 (citations omitted) (internal quotation marks omitted) (alteration marks omitted).

But, the ALJ found Dr. Allman's opinion unpersuasive:

>> The undersigned has considered the medical opinion from [Richards's] primary care provider, [Dr. Allman], but finds it not persuasive. The severity of Dr. Allman's opinions are not supported by his own treatment reports. For example, Dr. Allman notes . . . [Richards's] generalized anxiety disorder is stable in August 2021 and reports normal findings on mental status examination. Dr. Allman may note a few positive findings on physical examination relating to the claimant's shoulder impingement, but his treatment of [Richards's] impairments has remained conservative, through physical therapy referral, medication, ice, or one injection in the claimant's left shoulder. Moreover, his opinion is not consistent with the longitudinal record, in particular findings from treatment by orthopedic specialists and mental health specialists.

A.R. at 27-28 (citations omitted).

As per the applicable regulations, the ALJ is instructed to consider the following factors in evaluating medical opinions: (1) supportability, (2) consistency, (3) relationship with the claimant, (4) specialization, and (5) other factors that tend to support or contradict the medical opinion. 20 C.F.R. §§ 404.1520c(b), (c), 416.920c(b), (c). The regulations, require, however, the ALJ explicitly discuss only their evaluations of the supportability and consistency factors, as these factors are

considered most important in assessing the persuasiveness of a medical source's opinion. 20 C.F.R. §§ 404.1520c(a), (b)(2), 416.920c(a), (b)(2).

"[A]n ALJ has the obligation to consider all relevant evidence and cannot simply cherrypick facts that support a finding of nondisability while ignoring evidence that points to a disability finding." *Lewis v. Berryhill*, 858 F.3d 858, 869 (4th Cir. 2017) (quoting *Denton v. Astrue*, 596 F.3d 419, 425 (7th Cir. 2010)). The Court rejects Richards's suggestion of cherrypicking here.

Most of the contentions Richards presents here were already considered and rejected by the Magistrate Judge. Having made a de novo review of the record, the Court agrees with her discussion and analysis of those arguments. Thus inasmuch as the Report will be incorporated into this Order, the Court will refrain from repeating here what she said there.

The Court must, however, address Richards's accusation of post hoc rationalization. As the Court noted above, in Dr. Allman's opinion, he stated Richards's symptoms might be explained by a potential diagnosis of multiple sclerosis. As per the Magistrate Judge, "this explanation appears only in Dr. Allman's opinion statement. Therefore, the ALJ would have found no support for it in Dr. Allman's treatment notes." Report at 41.

According to Richards, the ALJ did not address this explanation by Dr. Allman, so this is impermissible post hoc rationale offered by the Magistrate Judge." But, the Court is unable to say the Magistrate Judge erred here inasmuch as the weight the ALJ afforded to the opinion evidence offered by Dr. Allman is supported by substantial evidence.

For these reasons, the Court will overrule Richards's objections to the Report.

In sum, the Court has little trouble concluding there is substantial evidence to support the ALJ's conclusion Richards failed to establish she was disabled under the Act during the relevant

time period; the ALJ's decision is detailed enough to permit this Court's review; the ALJ's decision is free from any reversible legal error; and the ALJ's determination is reasonable.

Thus, after a thorough review of the Report and the record in this case pursuant to the standard set forth above, the Court overrules Richards's objections, adopts the Report, and incorporates it herein. Therefore, it is the judgment of the Court Kijakazi's final decision denying Richards's DIB and SSI claims is **AFFIRMED**.

**IT IS SO ORDERED**.

Signed this 27th day of March, 2024, in Columbia, South Carolina.

/s/ Mary Geiger Lewis<br>
MARY GEIGER LEWIS<br>
UNITED STATES DISTRICT JUDGE